[No. C040423. Third Dist. Oct. 4, 2002.]

In re CHARLES T., a Person Coming Under the Juvenile Court Law. SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent; TEMIGA B., Defendant and Appellant.

**COUNSEL**

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

CALLAHAN, J.—Temiga B., mother of the minor, appeals from orders of the juvenile court terminating her parental rights and freeing the minor for adoption. (Welf. & Inst. Code, § 366.26 [further undesignated statutory references are to this code].) Appellant contends all orders of the juvenile court are void because the court failed to appoint a guardian ad litem for the minor. We affirm.

### FACTS

The Sacramento County Department of Health and Human Services (DHHS) removed the minor from appellant's custody in July 2001, soon after his birth, because both the minor and appellant tested positive for cocaine. DHHS also was aware appellant had a long-term substance abuse problem and twice before had given birth to children who tested positive for drugs.

At the detention hearing, the court appointed counsel for the minor but did not appoint a guardian ad litem. Appellant did not object.

DHHS recommended services be denied based upon appellant's chronic substance abuse and her failure to reunify with the minor's siblings. At the jurisdictional/dispositional hearing, the court adopted this recommendation and set a section 366.26 hearing. Again, no guardian ad litem was appointed and appellant did not object.

The assessment for the section 366.26 hearing stated the minor no longer showed physical or behavioral problems associated with drug exposure, but it cautioned that there could still be problems as the minor developed. The minor was assessed as generally adoptable and had been placed in a prospective adoptive home. At the hearing, the court terminated parental rights and selected a permanent plan of adoption. No guardian ad litem was appointed and although appellant addressed the court, she did not object.

### DISCUSSION

Appellant contends the failure by the juvenile court to appoint a guardian ad litem for the minor pursuant to recently enacted section 326.5 requires reversal of the order terminating parental rights. According to appellant, the new law requires appointment of an attorney or a court-appointed special advocate (CASA) in addition to counsel appointed to represent the minor. Appellant also argues all the juvenile court orders entered in this case after July 1, 2001, the effective date of the statute, are void.

Respondent asserts appellant lacks standing and has waived the issues. We disagree.

Appellant has standing to raise the guardian ad litem issue since lack of an independent individual protecting and asserting the minor's interests has an impact on the parent-child relationship at stake in dependency proceedings. (*In re Patricia E.* (1985) 174 Cal.App.3d 1, 6 [219 Cal.Rptr. 783].) However, failure to appoint a guardian ad litem is not jurisdictional and is subject to waiver if not raised in the trial court. (Cf. *Johnston v. Southern Pacific Co.* (1907) 150 Cal. 535, 539 [89 P. 348]; *In re Christopher B.* (1996) 43 Cal.App.4th 551, 558 [51 Cal.Rptr.2d 43].) Nonetheless, we exercise our discretion to address the merits because of the importance of the effect of the federal and state statutes, regulations, and rules relating to appointment of a guardian ad litem in dependency proceedings. (*People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6 [69 Cal.Rptr.2d 917, 948 P.2d 429].)

Prior to 1974, there was no statutory requirement that a dependent minor be afforded separate counsel or be otherwise represented by the appointment of a guardian ad litem. That year, Congress enacted Public Law No. 93-247, the Child Abuse Prevention and Treatment Act (hereinafter CAPTA, 42 U.S.C. § 5101 et seq.). The purpose of the law was to provide federal funds to the states to identify, prevent, and treat child abuse and neglect. One of the criteria for a state to qualify for this funding was that the state was to "provide that in every case involving an abused or neglected child which results in a judicial proceeding a guardian ad litem shall be appointed to represent the child in such proceedings." (Former 42 U.S.C. § 5106a(b)(6).)

California promptly passed laws to establish programs which would permit the state to qualify for this funding. (Stats. 1974, ch. 309.) However, due to an oversight, the requirement for a guardian ad litem was not included in the original legislation and had to be added later. (Stats. 1976, ch. 1068, § 8, p. 4765; see Sen. Ways & Means Com., Staff Analysis of Sen. Bill No. 868 (1975-1976 Reg. Sess.) as amended Aug. 26, 1975; Assem. Off. of Research, 3d reading analysis of Sen. Bill No. 868 (1975-1976 Reg. Sess.) Sept. 2, 1975, pp. 1-2.) The new provision stated: "For the purposes of Child Abuse Prevention and Treatment Act grants to the states (Public Law 93-247), in all cases in which there is filed a petition based upon alleged neglect or abuse of the minor, . . . a social worker who files a petition under this chapter shall be the guardian ad litem to represent the interests of the minor in proceedings under this chapter, unless the court shall appoint another adult as guardian ad litem." (Former § 326; Stats. 1976, ch. 1068, § 8, p. 4765.) This statute was later amended to bar the attorney "responsible for presenting

evidence alleging child abuse or neglect" from acting as the guardian ad litem. (Stats. 1984, ch. 1613, § 4, p. 5728.)

In 1996, Congress amended CAPTA to refine the guardian ad litem requirement and permit funding only when the state plan for addressing child abuse contained "provisions and procedures requiring that in every case involving an abused or neglected child which results in a judicial proceeding, a guardian ad litem, who may be an attorney or a court appointed special advocate (or both), shall be appointed to represent the child in such proceedings—[¶] (I) to obtain first-hand, a clear understanding of the situation and needs of the child; and [¶] (II) to make recommendations to the court concerning the best interests of the child[.]" (42 U.S.C. § 5106a(b)(2)(A)(ix).)

The relevant federal regulation intended to guide the states in complying with this statute provides: "In every case involving an abused or neglected child which results in a judicial proceeding, the State must insure the appointment of a guardian ad litem or other individual whom the State recognizes as fulfilling the same functions as a guardian ad litem, to represent and protect the rights and best interests of the child. This requirement may be satisfied: . . . By a statute mandating the appointments . . . . However, the guardian *ad litem* shall not be the attorney responsible for presenting the evidence alleging child abuse or neglect." (45 C.F.R. 1340.14(g) (2001).)

While it was possible to interpret the then current versions of section 326 and CAPTA to permit the social worker to continue to act as guardian ad litem, the federal government evidently did not do so and apparently required an independent representative for a child before disbursing federal funds under CAPTA. (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 2160 (1999-2000 Reg. Sess.) June 27, 2000, p. 6.; *In re Mark L.* (2001) 94 Cal.App.4th 573, 582 [114 Cal.Rptr.2d 499]; *In re Kristine W.* (2001) 94 Cal.App.4th 521, 526 [114 Cal.Rptr.2d 369].) Accordingly, in 2000, effective July 1, 2001, the Legislature enacted section 326.5 which states: "The Judicial Council shall adopt a rule of court effective July 1, 2001, that complies with the requirement of the federal Child Abuse Prevention and Treatment Act (Public Law 93-247) for the appointment of a guardian ad litem, who may be an attorney or a court-appointed special advocate, for a child in cases in which a petition is filed based upon neglect or abuse of the child or in which a prosecution is initiated under the Penal Code arising from neglect or abuse of the child. The rule of court may include guidelines to the courts for determining when an attorney should be appointed rather than a court appointed special advocate, and caseload standards for guardians ad litem."

In compliance with this directive, the Judicial Council amended California Rules of Court, rule 1438. Discussions of the Judicial Council indicate that the amended rule was designed to guide the trial courts in accordance with the intent of the Legislature that all children must be represented *either* by counsel *or* by a guardian ad litem. (Judicial Council Meeting Minutes (Apr. 27, 2001) item No. 5, p. 8.) Members of the Judicial Council were also concerned about "distinguish[ing] the role of the guardian ad litem in a dependency versus a civil context." (*Id.* at p. 9.) The rule eventually adopted by the Judicial Council requires that counsel be appointed for the minor, unless specific criteria are met which obviates the requirement, and further specifies that, in those cases where counsel is not appointed to represent the minor, the juvenile court is required to appoint a CASA as a guardian ad litem. (Cal. Rules of Court, rule 1438(b), (e).) Thus, the current approach of the state in its ongoing attempt to qualify for federal funding under CAPTA is to appoint *either* independent legal counsel *or*, if legal counsel is not required, a CASA as a guardian ad litem, but not both. We turn now to the question of whether this approach is valid.

Juvenile dependency is a special proceeding governed by its own law and rules. (§ 300 et seq.; Cal. Rules of Court, rule 1400 et seq.) ▇ The proceedings " 'are civil in nature, designed not to prosecute a parent, *but to protect the child.*' " (*In re Malinda S.* (1990) 51 Cal.3d 368, 384 [272 Cal.Rptr. 787, 795 P.2d 1244], italics added.) Nonetheless, the proceedings, particularly when termination of parental rights may result, are accusatory in nature as to the parent, although not as to the child. (*In re Richard E.* (1978) 21 Cal.3d 349, 354 [146 Cal.Rptr. 604, 579 P.2d 495].) ▇ With these principles in mind we must discern the function of a guardian ad litem in a dependency proceeding as envisioned by Congress when requiring an independent guardian ad litem be appointed before a state can qualify for funding for child abuse programs.

Appellant contends, primarily by reference to case law interpreting guardians ad litem appointed for minors in civil adversarial contexts or for minor parents in dependency proceedings which are also adversarial, that the guardian ad litem for a minor who is the subject of a dependency proceeding serves the same function as guardians ad litem in adversarial proceedings. We disagree.

▇ The function of a guardian ad litem for an incompetent party in an adversarial proceeding is well understood. In the adversarial context, the guardian ad litem's function is to protect the rights of the incompetent person, control the litigation, compromise or settle the action, control procedural steps incident to the conduct of the litigation, and make stipulations

or concessions in the incompetent person's interests. (*In re Christina B.* (1993) 19 Cal.App.4th 1441, 1453-1454 [23 Cal.Rptr.2d 918].) In such cases, the guardian ad litem's role "is more than an attorney's but less than a party's." (*Id.* at p. 1454.) However, even in the adversarial context, failure to appoint a guardian ad litem is "not jurisdictional, but merely irregular" so that absent prejudice, error in failing to appoint is harmless. (*Pacific Coast etc. Bank v. Clausen* (1937) 8 Cal.2d 364, 366 [65 P.2d 352].) Of course, a judgment against a minor lacking a guardian ad litem is voidable by the minor upon reaching majority. (*Id.* at p. 365.) Where the minor is the plaintiff, since the defect is not jurisdictional, a guardian ad litem can be appointed at any time during the proceedings and, if one is not appointed and the minor has not reached majority and affirmed the proceedings prior to judgment, a defendant could properly attack any judgment rendered as erroneous but not void. (*Johnston v. Southern Pacific Co., supra,* 150 Cal. at pp. 539-540.)

■ However, as we have seen, dependency proceedings are not adversarial as to the minor; and the requirement of appointment of a guardian ad litem with limited functions arose in the context of qualifying for federal funding. (*Akkiko M. v. Superior Court* (1985) 163 Cal.App.3d 525, 529 [209 Cal.Rptr. 568].) The question then posed is whether the function and effect of a guardian ad litem in the dependency context differs from that of a guardian ad litem in an adversarial context. At least one writer who addressed the issue not long after Congress enacted CAPTA suggests that it does. (Fraser, *Independent Representation for the Abused and Neglected Child: The Guardian Ad Litem* (1976) 13 Cal. Western L.Rev. 16.)

Fraser notes that Colorado was the first state to require appointment of a guardian ad litem in the dependency context although independent representation in the delinquency context had been constitutionally guaranteed for some time. (Fraser, *Independent Representation for the Abused and Neglected Child: The Guardian Ad Litem, supra,* 13 Cal. Western L.Rev. at p. 17, fn. 7, & p. 21.) He describes the historical necessity for a guardian ad litem when a minor brings or defends an action, both adversarial roles. (*Id.* at pp. 27, 28.) However, Fraser observes that, in a dependency proceeding, the minor's role is not adversarial and posits that the guardian ad litem in the dependency context is appointed to assist the court, which has become the dependent minor's guardian, in protecting the minor's interests. (*Id.* at pp. 28-29.) He argues that it may be advantageous, although not required, to appoint an attorney as guardian ad litem due to the increasing legal complexity of dependency matters. (*Id.* at p. 30.) Fraser argues strongly for independent representation for the minor because the court, despite its duty to protect the minor's best interests, cannot itself easily conduct investigations and must remain impartial when weighing evidence and making findings and rulings. Since the other parties are adversarial, neither they nor the

court may be able to simultaneously advocate the minor's interests. (*Id.* at pp. 31-33.) Accordingly, Fraser sees the role of the guardian ad litem in a dependency proceeding as operating outside the adversarial roles of the other parties and acting as an advocate whose duties include investigation, presentation of both facts and available options for disposition, and overall protection of the child's interests. (*Id.* at pp. 33-34.) We find the analysis persuasive and note that the current version of CAPTA, which defines the guardian ad litem's functions as investigative and informative, further supports the thesis.

Viewing the original and amended versions of CAPTA in conjunction with the implementing regulation, in light of Fraser's discussion and the comments of the members of the Judicial Council, we conclude that the function of the guardian ad litem for a minor in dependency proceedings is distinct from that in adversarial proceedings. We further conclude that Congress, in enacting the requirement for appointment of a guardian ad litem in cases of abused and neglected children, intended only that an individual, independent of the other parties in the dependency, who has the legal knowledge and experience to be found in an attorney or who is a trained CASA volunteer, be appointed to represent and protect the minor's interests.

Appellant asserts that CAPTA, and thus section 326.5, requires appointment of an attorney or a CASA, *in addition* to counsel required to be appointed pursuant to section 317, and that the rule adopted pursuant to the Legislature's direction in section 326.5 does not effectuate this intent. We do not so read the CAPTA requirement.

In enacting legislation intended to encourage a particular action on behalf of the states, Congress, taking into account the various methods the several states may employ to address. their own internal problems, often specifies only the minimum criteria to be met to qualify for federal funding. The states are thus free to enact more stringent requirements to meet the needs each state legislature perceives to exist in that jurisdiction. In this case, Congress, in enacting CAPTA, simply required some independent representation for the minor.[1] There is no separate requirement that legal counsel also be appointed to represent the minor in order to qualify for these federal funds.

California, by requiring appointment of legal counsel, has gone beyond the minimum requirements of CAPTA. The question is whether that legal counsel can also act as a dependency guardian ad litem. We conclude that counsel can.

---

[1]CAPTA specified the guardian ad litem *may* be an attorney or a CASA, but the federal regulation makes it clear that the choice of a guardian ad litem is not limited to those two classes. (42 U.S.C. § 5106a(b)(2)(A)(ix); 45 C.F.R. § 1340.14(g) (2001).)

It is true that the nature of the duties and responsibilities in an adversarial proceeding of a guardian ad litem and legal counsel would dictate that legal counsel generally cannot also act as the guardian ad litem due to conflicts of interests. However, the function of a guardian ad litem in a dependency proceeding is different from that of a guardian ad litem in an adversarial proceeding and closer to the functions of minor's counsel as described in section 317.[2] Minor's counsel advocates for the protection and safety of the child, investigates, participates in presenting evidence to the court, advises the court of the child's wishes, and investigates interests of the child beyond the dependency. (§ 317, subds. (c), (e).) These functions are both more and less than a traditional guardian ad litem in an adversarial proceeding, but are precisely those necessary to provide an independent voice for the child. In cases where counsel is not required, the lay person functioning as a CASA can adequately fulfill the independent investigative and informational functions.

Moreover, we must construe the various statutes to avoid absurdity and unreasonable results. (*Cossack v. City of Los Angeles* (1974) 11 Cal.3d 726, 732-733 [114 Cal.Rptr. 460, 523 P.2d 260]; *Silver v. Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689]; *Metropolitan Water Dist. v. Adams* (1948) 32 Cal.2d 620, 630-631 [197 P.2d 543].) Reading CAPTA to require both legal counsel and a separate attorney as guardian ad litem in order to protect the minor's interests leads to an unreasonable and absurd result since it would require counties either to expend substantial resources to compensate additional counsel and ensure they had adequate training to appreciate the intricacies of juvenile dependency proceedings or to create a

---

[2]Section 317 provides, in part: "A primary responsibility of any counsel appointed to represent a child pursuant to this section shall be to advocate for the protection, safety, and physical and emotional well-being of the child." (§ 317, subd. (c).) "The counsel for the child shall be charged in general with the representation of the child's interests. To that end, the counsel shall make or cause to have made any further investigations that he or she deems in good faith to be reasonably necessary to ascertain the facts, including the interviewing of witnesses, and he or she shall examine and cross-examine witnesses in both the adjudicatory and dispositional hearings. He or she may also introduce and examine his or her own witnesses, make recommendations to the court concerning the child's welfare, and participate further in the proceedings to the degree necessary to adequately represent the child. In any case in which the child is four years of age or older, counsel shall interview the child to determine the child's wishes and to assess the child's well-being, and shall advise the court of the child's wishes. Counsel for the child shall not advocate for the return of the child if, to the best of his or her knowledge, that return conflicts with the protection and safety of the child. In addition counsel shall investigate the interests of the child beyond the scope of the juvenile proceeding and report to the court other interests of the child that may need to be protected by the institution of other administrative or judicial proceedings. The attorney representing a child in a dependency proceeding is not required to assume the responsibilities of a social worker and is not expected to provide nonlegal services to the child. The court shall take whatever appropriate action is necessary to fully protect the interests of the child." (§ 317, subd. (e).)

CASA program, recruit and train volunteers, assuming such volunteers could be found. (Cal. Rules of Court, rules 1424 and 1438(a).) Spending the scarce resources provided by the federal grants in this fashion would significantly reduce funding for the care and treatment of abused and neglected children and for the programs to help prevent future abuse or neglect. Neither Congress nor the Legislature could have intended such a result, and we will not so interpret the law. Of course, CAPTA contemplates the possibility that a juvenile court may appoint both a CASA volunteer and counsel to protect the minor's interests in an appropriate case but does not require both. Further, in cases where the minor's counsel discovers interests of the minor outside the dependency which may result in separate *adversarial* proceedings, the court will be required to appoint a separate guardian ad litem. (*County of Los Angeles v. Superior Court* (2001) 91 Cal.App.4th 1303, 1310-1311 [111 Cal.Rptr.2d 471].)

Having concluded that legal counsel appointed for the dependent minor under section 317 "fulfill[s] the same functions as a guardian ad litem" in the nonadversarial dependency context (45 C.F.R. 1340.14(g) (2001)), while also functioning as legal representative of the minor, and having further concluded that the dependent minor's interests do not require appointment of two attorneys, we find that California Rules of Court, rule 1438 is neither incomplete nor ambiguous. ▮ The rule requires appointment of counsel for a dependent minor, which counsel also functions as an independent dependency guardian ad litem but, if the minor would not benefit from appointment of counsel, the rule requires appointment of a CASA who functions as an independent dependency guardian ad litem. The rule thus satisfies the direction of section 326.5 to comply with the requirements of CAPTA.

▮ Since counsel was appointed for the minor in this case, the juvenile court did not err in failing to appoint a separate guardian ad litem on or after July 1, 2001.

DISPOSITION

The orders of the juvenile court are affirmed.

Scotland, P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 2002.