[No. S123980. Mar. 15, 2007.]

In re SHEENA K., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SHEENA K., Defendant and Appellant.

COUNSEL

Edward H. Schulman, under appointment by the Supreme Court, and Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Ana R. Duarte, Donald E. De Nicola, Jamie L. Fuster and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GEORGE, C. J.—Sheena K., defendant, was convicted of misdemeanor battery and, pursuant to Welfare and Institutions Code section 602, was adjudicated a ward of the juvenile court. In its disposition, the juvenile court ordered that defendant be placed on probation subject to a variety of conditions, including that she "not associate with anyone disapproved of by probation." Although defendant did not object in the juvenile court to any of the conditions of probation imposed, on appeal she contended that the probation condition restricting her association with other persons was vague and overbroad, violating her rights under the First and Fifth Amendments to the federal Constitution.

In declining to apply the doctrine of forfeiture on appeal and deciding minor's constitutional claim notwithstanding her failure to object on that ground in the juvenile court, the Court of Appeal joined a conflict that exists among the Courts of Appeal with respect to the applicability of that doctrine to challenges made upon constitutional grounds to a condition of probation. Having concluded on the merits that the probation condition imposed in the present case was unconstitutionally vague and overbroad in its literal wording, the Court of Appeal added the requirement that defendant have *knowledge* that the probation officer disapproved of a particular associate, and upheld the condition as so modified.

We granted review to resolve the conflict among appellate decisions concerning whether the doctrine of forfeiture or waiver applies to a challenge to a condition of probation, raised for the first time on appeal, when the challenge is based on the ground the condition is vague or overbroad and thus facially unconstitutional. In addition, we directed the parties to brief the issue whether defendant's probation condition requiring that she not associate with anyone "disapproved" of by "probation" is vague or overbroad and thus violates defendant's constitutional rights.

As we shall explain, we conclude that defendant's constitutional challenge to her probation condition was not forfeited despite her failure to object on the foregoing ground at the time the condition was imposed by the juvenile court. In addition, we conclude that, as imposed by the juvenile court, the probation condition is unconstitutionally vague, but as modified by the Court of Appeal, the condition satisfies federal constitutional requirements. For a different reason, however, we do not have cause to affirm the judgment rendered by the appellate court.

Recently we were informed that Sheena, who was born on June 16, 1986, died on or about June 2, 2006. Although her death renders the People's appeal technically moot (*In re Jackson* (1985) 39 Cal.3d 464, 468, fn. 3 [216 Cal.Rptr. 760, 703 P.2d 100]; see *People v. Dail* (1943) 22 Cal.2d 642, 659 [140 P.2d 828]), we have exercised our inherent authority to retain this case for argument and opinion in order to resolve the conflict that has arisen in the Courts of Appeal with regard to the first issue, and in view of the recurring nature of both issues. (*People v. Anzalone* (1999) 19 Cal.4th 1074, 1076 [81 Cal.Rptr.2d 315, 969 P.2d 160]; *In re Jackson, supra,* 39 Cal.3d at p. 468, fn. 3; see *People v. Mancheno* (1982) 32 Cal.3d 855, 859, fn. 1 [187 Cal.Rptr. 441, 654 P.2d 211]; *In re William M.* (1970) 3 Cal.3d 16, 23–25 [89 Cal.Rptr. 33, 473 P.2d 737].)

# I

Approximately 5:30 p.m. on September 26, 2002, defendant Sheena K. was in the dining facility at the MacLaren Children's Center in El Monte. Defendant observed that Diana N., whom she did not like, was seated at the same table and demanded that Diana leave. When Diana refused, Children's Center social worker Julie Nwosu intervened, instructing Diana to stay in her seat and defendant to change tables. Defendant refused to leave, engaged in yelling and name calling with Diana, and poured salad dressing on Diana's hair and face.

Children's Center social worker Carla Coleman, whom defendant also did not like, directed defendant to move away from Diana. Defendant approached Coleman, pointing her finger and calling Coleman names. Coleman lost her footing and shoved defendant, who punched Coleman in the face and pulled her hair before being restrained.

According to defendant, Coleman approached, told defendant to leave Diana alone, and pushed defendant against a wall, causing her to hit her head. After defendant pushed Coleman, they grappled and Coleman hit defendant with her fist, cutting defendant's lip. Defendant denied that she called Coleman names, hit her, or pulled her hair, but admitted that she pushed Coleman and freed herself from Coleman's grip.

The juvenile court found that defendant committed misdemeanor battery (Pen. Code, § 242) and, based on that offense, determined defendant to be a ward of the court (Welf. & Inst. Code, § 602). The juvenile court placed defendant on probation in the Camp Community Placement program, subject to 15 terms and conditions, including that defendant not "associate with anyone disapproved of by probation." The written form probation order specified that defendant not associate with anyone disapproved of by "Probation Officer."

On appeal, defendant asserted that in failing to specify that defendant *know* which persons were disapproved of by her probation officer, the probation condition was unconstitutionally vague or overbroad. In response, the Attorney General urged that defendant had failed to raise the issue in juvenile court and thus had forfeited the claim for purposes of appeal. Having concluded that defendant did not forfeit the constitutional claim on appeal and that the probation condition was vague and overbroad under the Fifth Amendment, the Court of Appeal modified the dispositional order to require that defendant refrain from associating with anyone who *she knew* was disapproved of by her probation officer, and in other respects affirmed the order. We granted the Attorney General's petition for review.

## II

### A

Before determining whether the rule of forfeiture or waiver applies in the present context, we briefly review the nature and purpose of that rule.[1] Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal. (*Simon, supra,* 25 Cal.4th at p. 1097; *People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942] (*Smith*).) As the United States Supreme Court recognized in *United States v. Olano, supra,* 507 U.S. at page 731, " '[n]o procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely

---

[1] As the United States Supreme Court has clarified, the correct term is "forfeiture" rather than "waiver," because the former term refers to a failure to object or to invoke a right, whereas the latter term conveys an express relinquishment of a right or privilege. (See, e.g., *United States v. Olano* (1993) 507 U.S. 725, 733 [123 L.Ed.2d 508, 113 S.Ct. 1770]; *In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2 [13 Cal.Rptr.3d 786, 90 P.3d 746] (*S.B.*); *People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9 [108 Cal.Rptr.2d 385, 25 P.3d 598] (*Simon*).) As a practical matter, the two terms on occasion have been used interchangeably. (*Simon,* at p. 1097, fn. 9; *People v. Saunders* (1993) 5 Cal.4th 580, 590, fn. 6 [20 Cal.Rptr.2d 638, 853 P.2d 1093] (*Saunders*).) Because it is most accurate to describe the issue as whether a party has forfeited a claim by failing to object in the trial court, "in our subsequent discussion we generally shall refer to the issue as one of forfeiture." (*Simon,* at p. 1097, fn. 9.)

assertion of the right before a tribunal having jurisdiction to determine it.' " (See *S.B., supra,* 32 Cal.4th at p. 1293; 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Reversible Error, § 36, pp. 495–497; see also 9 Witkin, Cal. Procedure (4th ed. 1997 & 2006 supp.) Appeal, §§ 394, 398 [applying the forfeiture rule in civil matters except as to questions of law and matters of public interest].) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]" *(S.B.,* at p. 1293; see *Smith,* at p. 852; *Saunders, supra,* 5 Cal.4th at pp. 590–592.)[2]

In general, the forfeiture rule applies in the context of sentencing as in other areas of criminal law. As a general rule neither party may initiate on appeal a claim that the trial court failed to make or articulate a " 'discretionary sentencing choice[].' " *(People v. Gonzalez* (2003) 31 Cal.4th 745, 751, 752 [3 Cal.Rptr.3d 676, 74 P.3d 771]; *Smith, supra,* 24 Cal.4th at p. 852; see *People v. Scott* (1994) 9 Cal.4th 331, 351–354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] *(Scott)* [when the trial court fails to make or properly articulate a discretionary sentencing choice, the defendant must object in order to preserve the claim on appeal]; *People v. Tillman* (2000) 22 Cal.4th 300, 302–303 [92 Cal.Rptr.2d 741, 992 P.2d 1109] *(Tillman)* [when the trial court fails to articulate reasons for not imposing a restitution fine, a decision that constitutes a discretionary sentencing choice, the People must object if their claim is to be preserved].)

In their conflict over application of the forfeiture rule to defendant's claim on appeal that her probation condition was unconstitutionally vague or overbroad, the parties in the present case, as well as the decisions of the Courts of Appeal, focus upon our decision in *People v. Welch* (1993) 5 Cal.4th 228 [19 Cal.Rptr.2d 520, 851 P.2d 802] *(Welch).* In *Welch,* the adult defendant was convicted of welfare fraud and placed on conditional probation. Based upon then existing law permitting initial challenge of probation conditions on appeal, she asserted that several conditions were unreasonable and inappropriate because they did not bear a reasonable relationship to the underlying offense and future criminality, and purported to regulate conduct that was

---

[2] The rule that a defendant who fails to make a claim in the trial court forfeits that claim on appeal is subject to exceptions. By statute, a defendant may challenge on appeal an instruction that affects his or her substantial rights even when no objection has been made in the trial court. (Pen. Code, § 1259; *People v. Cleveland* (2004) 32 Cal.4th 704, 749 [11 Cal.Rptr.3d 236, 86 P.3d 302]; *People v. Hillhouse* (2002) 27 Cal.4th 469, 505–506 [117 Cal.Rptr.2d 45, 40 P.3d 754]; *People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249 [32 Cal.Rptr.2d 442].) In addition, "when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time" including on appeal, because the statute is jurisdictional and confers a substantive rather than a procedural right. *(People v. Williams* (1999) 21 Cal.4th 335, 341 [87 Cal.Rptr.2d 412, 981 P.2d 42].) As we shall discuss, exceptions to the rule also apply with respect to sentencing. (See, *post,* at pp. 882 & fn. 3, 886–887.)

noncriminal. (*Welch, supra,* 5 Cal.4th at pp. 232–235; see *People v. Lent* (1975) 15 Cal.3d 481, 486 & fn. 1 [124 Cal.Rptr. 905, 541 P.2d 545]; *In re Bushman* (1970) 1 Cal.3d 767, 776–777 [83 Cal.Rptr. 375, 463 P.2d 727].)

On a prospective basis, we extended the forfeiture rule to a claim that probation conditions are unreasonable, when the defendant fails to object on that ground in the trial court. (*Welch, supra,* 5 Cal.4th at pp. 234–238.) We reasoned that an adult probationer who elects to receive probation in lieu of incarceration fairly may be charged with the need to timely challenge any conditions imposed and that application of the forfeiture doctrine would deter the promulgation of invalid conditions in the trial court and decrease the number of appeals contesting such conditions. (*Id.* at pp. 235–237.)

In so holding we rejected the argument that, despite the defendant's failure to object at sentencing, her "reasonableness" claim was reviewable because appellate courts routinely correct " 'unauthorized sentences' " or those entered in " 'excess of jurisdiction.' " (*Welch, supra,* 5 Cal.4th at p. 235.)[3] The majority observed that the authorities cited by the defendant in support "generally involve pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court" and reflect "the reviewing court's unwillingness to ignore clear and correctable legal error, particularly where the defendant might otherwise spend too much or too little time in custody." (*Welch,* at pp. 235–236.) The concurrence commented that "[i]n those limited circumstances [in which legal error arises that implicates 'fundamental principles of policy and constitutional guaranties'], the prerequisite of an objection to appellate review would frustrate rather than subserve the interests of justice . . . ." (*Id.* at p. 241 (conc. opn. of Arabian, J.).)

---

[3] As we shall discuss further below, in a "narrow class" of cases the trial court's omission or erroneous imposition of a particular sentence or term required by law results in an "unauthorized" sentence, which is subject to correction by the reviewing court despite the absence of an objection by either party in the trial court. (*Smith, supra,* 24 Cal.4th at pp. 852–853 [in failing to impose a parole revocation fine in an amount required by statute to be equal to the restitution fine imposed, the trial court renders an unauthorized sentence rather than a discretionary sentencing choice; the reviewing court may modify the sentence to correct the amount of the fine despite the defendant's failure to object]; see *Scott, supra,* 9 Cal.4th at p. 354, fn. 17 [in staying or failing to stay a sentence in violation of Pen. Code, § 654, the trial court renders an unauthorized sentence that may be modified by the reviewing court despite the defendant's failure to raise the issue in the trial court]; cf. *Tillman, supra,* 22 Cal.4th at p. 303 [in failing either to impose or state reasons not to impose a restitution fine, the trial court made a discretionary sentencing choice and did not impose an unauthorized sentence that the reviewing court could correct by imposing the minimum fine; the People forfeited their claim by failing to object at trial]; *People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569] [by accepting in a plea agreement a specified sentence violating Pen. Code, § 654, the defendant rendered inapplicable the exemption from forfeiture normally accorded such a claim, and was required to object in the trial court in order to preserve the claim].)

Subsequently, several Courts of Appeal reviewing juvenile or adult court probation orders considered whether the rule of forfeiture we enunciated in *Welch* also should apply to a challenge made for the first time on appeal on the ground that a probation condition was unconstitutionally vague or over-broad.[4] On the one hand, several courts held that the forfeiture rule in *Welch* extended to challenges to probation conditions made on constitutional grounds. In *Josue S., supra,* 72 Cal.App.4th 168, a minor convicted of vandalism received probation with the conditions that he accept warrantless searches, abide by restrictions on travel, and earn satisfactory grades in school. Initially on appeal, the minor claimed that the probation conditions bore no reasonable relationship to the offense, restricted his exercise of "constitutional rights" (rights not specified in the opinion), and were vague and overbroad. The Court of Appeal held the minor forfeited all of his constitutional and state law claims by failing to object in the juvenile court. (*Id.* at pp. 170–173.)

In *People v. Gardineer* (2000) 79 Cal.App.4th 148, 150 [93 Cal.Rptr.2d 863] (*Gardineer*), the defendant, convicted of assault with a deadly weapon, received probation with conditions including that he " 'observe good conduct.' " For the first time on appeal from the judgment in subsequent proceedings revoking probation after he sent a threatening letter, the defendant asserted the condition was unconstitutionally vague. Holding the defendant had forfeited this claim by failing to object on that ground in the trial court that imposed the condition, the Court of Appeal noted that the rationale

---

[4] The Courts of Appeal eventually agreed that the rule of forfeiture we applied in *Welch* to an adult defendant who fails in the trial court to challenge a condition of probation on the ground of *unreasonableness* also applies to juvenile defendants. Relying upon our observation in *In re Tyrell J.* (1994) 8 Cal.4th 68, 82 [32 Cal.Rptr.2d 33, 876 P.2d 519] (*Tyrell J.*), disapproved on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 130 [51 Cal.Rptr.3d 430, 146 P.3d 965], that unlike an adult, a juvenile offender cannot refuse or consent to a grant of probation, a single case held that the rule of *Welch* does not apply in juvenile court proceedings. (*In re Tanya B.* (1996) 43 Cal.App.4th 1, 5 [50 Cal.Rptr.2d 576].) Subsequent decisions criticized *Tanya B.* and applied the forfeiture rule of *Welch* to juveniles who challenged probation conditions based upon unreasonableness. (*In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 969–971 [68 Cal.Rptr.2d 402] (*Abdirahman*); see *In re Josue S.* (1999) 72 Cal.App.4th 168, 171–173 [84 Cal.Rptr.2d 796] (*Josue S.*); *In re Kacy S.* (1998) 68 Cal.App.4th 704, 712 [80 Cal.Rptr.2d 432] (*Kacy S.*).) Following those decisions, the court that decided *Tanya B.* concluded that its reliance on *Tyrell J.* was misplaced, because the circumstance that a minor has no choice but to accept probation conditions " 'does not mean that the minor may not object to imposition of those conditions,' " noting our observation in *Tyrell J.* that " '[a] minor can, of course, object to particular conditions of probation as improper or unwarranted.' " (*In re Justin S.* (2001) 93 Cal.App.4th 811, 814 [113 Cal.Rptr.2d 466] (*Justin S.*) [subject to exceptions, a minor who fails to challenge an unreasonable probation condition in the juvenile court forfeits the issue on appeal].)

for the forfeiture rule that was applied in *Welch*—to discourage the imposition of invalid probation conditions and reduce the number of costly appeals—applied fully to a claim that the condition was unconstitutionally vague. (*Gardineer*, at pp. 151–152.)

On the other hand, several Courts of Appeal concluded the forfeiture rule did not extend to constitutional challenges that present "pure questions of law"—excepted in the *Welch* majority opinion (*Welch, supra,* 5 Cal.4th at p. 235)—or that involve "fundamental principles of policy and constitutional guaranties"—referred to in the concurring opinion in *Welch.* (*Id.* at p. 241 (conc. opn. of Arabian, J.).) In *Kacy S., supra,* 68 Cal.App.4th 704, a minor claimed for the first time on appeal that a probation condition requiring that he " 'not associate with any persons not approved by his probation officer' " was unconstitutionally overbroad. (*Id.* at p. 708.) In rejecting the People's response that the minor did not object at trial and thus had forfeited the claim on appeal, the Court of Appeal observed that *Welch* was "founded on considerations of judicial economy which will not be furthered by upholding a probation condition that literally requires the probation officer to approve [the minor's] 'associat[ion]' with 'persons' such as grocery clerks, mailcarriers, and health care providers. Nor does the present record justify such a sweeping limitation on [the minor's] liberty." (*Kacy S.,* at p. 713.) The reviewing court modified the condition to forbid the minor's association with a particular person. (*Ibid.*)

In *Justin S., supra,* 93 Cal.App.4th 811, 813, the minor received probation on conditions including that he not " 'associate with any gang members and anyone disapproved of by parent(s)/P.O.' " In declining to apply the doctrine of forfeiture to the minor's claim on appeal of unconstitutional vagueness and overbreadth, the Court of Appeal observed that the majority holding in *Welch* was limited to " '*Bushman/Lent*' unreasonableness grounds, and expressly imposed no waiver rule on 'pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court.' [Citation.]" (*Justin S.,* at pp. 814–815.) The court modified the condition to forbid the minor's association " 'with any person known to you to be a gang member . . . .' " (*Id.* at p. 816.) In the present case the Court of Appeal, following *Justin S.,* held that defendant's failure to object in the juvenile court to the probation condition on the constitutional ground of vagueness and overbreadth did not forfeit the issue on appeal, because the claims consisted of "pure questions of law that can be resolved without regard to the sentencing record in the trial court."

The Attorney General urges that several important considerations support our extension of *Welch*'s forfeiture rule to a claim on appeal that a probation condition is unconstitutionally vague and overbroad. As an initial matter, he

suggests that the juvenile court is in the best position to explain, clarify, or modify any probation condition to which a defendant objects on constitutional grounds. (*Abdirahman, supra,* 58 Cal.App.4th at pp. 970–971; 10 Witkin, Summary of Cal. Law (10th ed. 2005) Parent and Child, § 925, pp. 1127–1128.) Second, he asserts that application of the forfeiture rule will reduce the number of unnecessary appellate claims and costly appeals, thereby conserving prosecutorial and judicial resources. (*Gardineer, supra,* 79 Cal.App.4th at pp. 151–152; *Josue S., supra,* 72 Cal.App.4th at p. 171; see *Smith, supra,* 24 Cal.4th at p. 852.) Finally, he argues that uniform application of the forfeiture rule to claims that probation conditions are unreasonable *or* unconstitutional will forestall the possibility that appellants merely will recast "unreasonableness" claims as constitutional claims and thus cause the exception to "swallow the rule."[5]

We are not persuaded that application of the forfeiture rule in the present context would produce the results predicted by the Attorney General. Applying the rule to appellate claims involving discretionary sentencing choices or unreasonable probation conditions is appropriate, because characteristically the trial court is in a considerably better position than the Court of Appeal to review and modify a sentence option or probation condition that is premised upon the facts and circumstances of the individual case. Generally, application of the forfeiture rule to such claims promotes greater procedural efficiency because of the likelihood that the case would have to be remanded to the trial court for resentencing or reconsideration of probation conditions.

In contrast, an appellate claim—amounting to a "facial challenge"—that phrasing or language of a probation condition is unconstitutionally vague and overbroad because, for example, of the absence of a requirement of knowledge as in the present case, does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court. Consideration and possible modification of a challenged condition of probation, undertaken by the appellate court, may save the time and government resources that otherwise would be expended in attempting to enforce a condition that is invalid as a matter of law.

---

[5] The Attorney General suggests in his brief that, in the event we conclude the *Welch* forfeiture rule applies to a claim that a probation condition on its face is unconstitutionally vague and overbroad, we also should apply the rule that ordinarily judicial decisions are retroactive. He observes that the forfeiture doctrine previously has been applied to this type of claim. (*Gardineer, supra,* 79 Cal.App.4th at pp. 151–152; *Josue S., supra,* 72 Cal.App.4th at p. 173; see *Welch, supra,* 5 Cal.4th at pp. 235–238.) The issue is moot in the present case, in view of defendant's death, and in any event we decline to apply the rule of *Welch* to a facial constitutional challenge made on the ground of vagueness and overbreadth.

Nor do we agree that permitting a minor to raise a constitutional claim of this type for the first time on appeal will encourage defense counsel simply to recast "unreasonableness" challenges as constitutional challenges. As defendant suggests, we presume that counsel will raise genuinely colorable claims in good faith on appeal, and will not mischaracterize a claim in order to evade the rule of forfeiture. Moreover, the appellate courts have demonstrated their ability to distinguish challenges to probation conditions based upon unreasonableness from those based upon facial constitutional defects.

The Attorney General also asserts that a challenge to a probation condition based upon a constitutional defect such as vagueness or overbreadth usually is not a "pure question of law" similar to that presented by an "unauthorized sentence" or a "sentence in excess of jurisdiction," which "can be resolved without reference to the particular sentencing record developed in the trial court." (*Welch, supra,* 5 Cal.4th at p. 235.) He urges that a claim of vagueness or overbreadth generally must be considered in light of the facts of a particular case because, for example, conditions that otherwise might be deemed overbroad "will pass muster if tailored to fit the individual probationer." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373 [257 Cal.Rptr. 821] [observing that a restriction on travel to gang territory might be proper for a minor living outside the gang's territory but overbroad for a minor who lives, works, or attends school within that area]; *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941–942 [93 Cal.Rptr.2d 212] [upholding a probation condition requiring a minor living in one county not to travel to another county where the criminal conduct occurred and his gang was located].) The Attorney General points out that constitutional challenges to a probation condition may warrant remand to the trial court for the purpose of narrowing an overbroad condition in light of the defendant's circumstances. (See, e.g., *In re White* (1979) 97 Cal.App.3d 141, 149–151 [158 Cal.Rptr. 562] (*White*) [probation condition forbidding travel within designated areas having significant prostitution activities violated the defendant's constitutional right to travel; case remanded to narrow travel restrictions in light of additional evidence].)[6]

We agree that an unconstitutionally vague or overbroad probation condition does not come within the "narrow exception" to the forfeiture rule made for a

---

[6] The Attorney General asserts that the rehabilitative and reformative goals of juvenile wardship law—especially that of instilling accountability in juvenile offenders—will be promoted by requiring that a minor object to a probation condition in the juvenile court rather than accede to the condition in the belief the condition may be challenged on appeal. The laudable goals of the juvenile dependency law do not outweigh the more general goal of the justice system to protect the constitutional rights of adults and minors. It also is doubtful whether the goals of the juvenile justice system to reform and rehabilitate the *minor* would be advanced to any significant degree by imposing upon the minor's *counsel* the responsibility to object in the juvenile court in order to preserve claims on appeal.

so-called unauthorized sentence or a sentence entered in excess of jurisdiction. (See *Smith, supra,* 24 Cal.4th at p. 852; *Welch, supra,* 5 Cal.4th at p. 235.) A sentence is said to be unauthorized if it cannot "lawfully be imposed under any circumstance in the particular case" (*Scott, supra,* 9 Cal.4th at p. 354), and therefore is reviewable "regardless of whether an objection or argument was raised in the trial and/or reviewing court." (*Welch,* at p. 235; see *Smith,* at p. 852.) An obvious legal error at sentencing that is "correctable without referring to factual findings in the record or remanding for further findings" is not subject to forfeiture. (*Smith,* at p. 852; see *Scott,* at p. 354 & fn. 17.) In contrast, a probation condition may not be patently unconstitutional but may suffer nonetheless from vagueness or overbreadth. Or in some instances, a constitutional defect may be correctable only by examining factual findings in the record or remanding to the trial court for further findings.

■ It does not follow, however, that a constitutional challenge to a probation condition based upon vagueness or overbreadth *cannot* present a pure question of law. In common with a challenge to an unauthorized sentence that is not subject to the rule of forfeiture, a challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to the particular sentencing record developed in the trial court *can* be said to present a pure question of law. Correction on appeal of this type of facial constitutional defect in the relevant probation condition, similar to the correction of an unauthorized sentence on appeal, may ensue from a reviewing court's unwillingness to ignore "correctable legal error." (*Welch, supra,* 5 Cal.4th at p. 236.) Thus, at times a Court of Appeal has exercised its discretion to hear a constitutional claim despite its holding or assumption that the rule of forfeiture applies.[7]

---

[7] Our conclusion that *Welch*'s forfeiture rule should not extend to a facial challenge to the terms of a probation condition on constitutional grounds of vagueness and overbreadth is consistent with principles cited in several appellate decisions that have reviewed certain types of claims despite forfeiture by the parties. In general, forfeiture of a claim not raised in the trial court by a party has not precluded review of the claim by an appellate court in the exercise of that court's discretion. (*People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 [69 Cal.Rptr.2d 917, 948 P.2d 429] (*Williams*); see *S.B., supra,* 32 Cal.4th at p. 1293; *In re Wilford J.* (2004) 131 Cal.App.4th 742, 754 [32 Cal.Rptr.3d 317]; *In re Charles T.* (2002) 102 Cal.App.4th 869, 873 [125 Cal.Rptr.2d 868]; 6 Witkin & Epstein, Cal. Criminal Law, *supra,* § 36, p. 497.) Thus, an appellate court may review a forfeited claim—and "[w]hether or not it should do so is entrusted to its discretion." (*Williams,* at p. 162, fn. 6; cf. *S.B.,* at p. 1293, discussed below.)

The appellate courts typically have engaged in discretionary review only when a forfeited claim involves an important issue of constitutional law or a substantial right. (6 Witkin & Epstein, Cal. Criminal Law, *supra,* § 36, p. 497; *id.* (2006 supp.) § 36, p. 115; see, e.g., *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1061 [120 Cal.Rptr.2d 687] [the appellate court in its discretion decided a forfeited challenge to the constitutionality of penal statutes]; *People v. Brown* (1996) 42 Cal.App.4th 461, 471 [49 Cal.Rptr.2d 652] [the appellate court exercised

Defendant's challenge to her probation condition as facially vague and overbroad presents an asserted error that is a pure question of law, easily remediable on appeal by modification of the condition. (See *Welch, supra,* 5 Cal.4th at pp. 235–236; *Hale v. Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512]; cf. *Josue S., supra,* 72 Cal.App.4th at pp. 170–171.) Unlike claims that evidence erroneously was admitted or that the prosecutor committed misconduct—claims made in several cases cited by the Attorney General for the proposition that forfeiture is necessary for the sake of procedural efficiency and conservation of judicial resources—the circumstance that defendant failed to assert her constitutional claim in juvenile court does not have an impact on the same proceedings "downstream." Moreover, unlike the types of challenges not requiring additional factual findings that nonetheless are rejected routinely by the appellate courts due to forfeiture, defendant's constitutional challenge presents an important question of law that, as we have discussed, is likely to be reviewed on the merits by the appellate court notwithstanding the applicability of the forfeiture rule. Thus, it does not appear legally imperative, practical, or wise to extend the forfeiture rule of *Welch* to defendant's constitutional challenge.

---

discretion to decide important issues of constitutional law despite forfeiture].) The appellate courts occasionally also have invoked their discretion to review an apparent constitutional issue when applicability of the forfeiture rule is uncertain or the defendant did not have a meaningful opportunity to object at trial. (See, e.g., *People v. Peck* (1996) 52 Cal.App.4th 351, 362, fn. 5 [61 Cal.Rptr.2d 1] [the applicability of the forfeiture rule to constitutional challenges not having been decided, the appellate court in its discretion considered the merits of the claim that probation conditions impermissibly burdened the defendant's constitutional rights to freedom of association and religion]; *People v. Hackler* (1993) 13 Cal.App.4th 1049, 1052, 1054–1057 [16 Cal.Rptr.2d 681] [the trial court having failed to provide advance notice or to grant a continuance and having itself solicited appellate review of the validity of the probation condition, the appellate court considered on the merits the claim that a probation condition requiring defendant to wear a court-supplied T-shirt stating: " 'My record plus two six-packs equals four years,' " and " 'I am on felony probation for theft' " was unconstitutional]; see also *In re Khonsavanh S.* (1998) 67 Cal.App.4th 532, 537 [79 Cal.Rptr.2d 80] [the trial court having ordered in the absence of statutory authorization the AIDS testing of a minor involved in a driveby shooting, the appellate court reiterated but declined to apply the rule of forfeiture because defense counsel had little chance to react and was "utterly surprised by" the order].)

Our conclusion also is consistent with our observation that in a child dependency action, an appellate court may consider a claim raising an important question of law despite the appellant's failure to raise the issue in the trial court, but "discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue. [Citations.]" (*S.B., supra,* 32 Cal.4th at p. 1293 [exercising discretion to consider issue of law involving the juvenile court's delegation to legal guardians of authority to determine visitation by the minor's mother].) In addition, our holding is in accord with the limited exception—for constitutional claims initially raised on appeal when closely related to claims raised at trial regarding the admission or exclusion of evidence—to the established rule that a forfeited claim of trial court error in admitting or excluding evidence is not subject to discretionary appellate review. (*People v. Partida* (2005) 37 Cal.4th 428, 437–439 [35 Cal.Rptr.3d 644, 122 P.3d 765]; *Williams, supra,* 17 Cal.4th at pp. 161–162, fn. 6.)

For those reasons, we conclude defendant's claim that her probation condition was unconstitutionally vague and overbroad was not forfeited by her failure to raise it in juvenile court. We caution, nonetheless, that our conclusion does not apply in every case in which a probation condition is challenged on a constitutional ground. As stated by the court in *Justin S.*, we do not conclude that "all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present 'pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court.' (*People v. Welch*, *supra*, 5 Cal.4th at p. 235.) In those circumstances, '[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court.' (*Id.* at p. 236.)" (*Justin S.*, *supra*, 93 Cal.App.4th at p. 815, fn. 2.) We also emphasize that generally, given a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction.

**B**

Having decided that defendant did not forfeit her constitutional challenge, we now consider on its merits her claim that the probation condition forbidding her association with "anyone disapproved of by probation" is vague and overbroad.

■ The juvenile court has wide discretion to select appropriate conditions and may impose " 'any reasonable condition that is "fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." ' " (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015 [14 Cal.Rptr.3d 805] (*Byron B.*); see Welf. & Inst. Code, § 730, subd. (b); *Welch*, *supra*, 5 Cal.4th at p. 233.) In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in "adult" court, we have advised that, "[a]lthough the goal of both types of probation is the rehabilitation of the offender, '[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment . . . .' [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. . . . [¶] . . . [N]o choice is given to the youthful offender [to accept probation]. By contrast, an adult offender 'has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed.' [Citations.]" (*Tyrell J.*, *supra*, 8 Cal.4th at pp. 81–82, disapproved on other grounds in *In re Jaime P.*, *supra*, 40 Cal.4th at p. 130; see *Byron B.*,

*supra*, 119 Cal.App.4th at p. 1016; *Abdirahman, supra,* 58 Cal.App.4th at p. 969; *In re Jimi A.* (1989) 209 Cal.App.3d 482, 487–488 [257 Cal.Rptr. 147].)

■ As we have explained on other occasions, the underpinning of a vagueness challenge is the due process concept of "fair warning." (*People v. Castenada* (2000) 23 Cal.4th 743, 751 [97 Cal.Rptr.2d 906, 3 P.3d 278].) The rule of fair warning consists of "the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders" (*ibid.*), protections that are "embodied in the due process clauses of the federal and California Constitutions. (U.S. Const., Amends V, XIV; Cal. Const., art. I, § 7.)" (*Ibid.*) The vagueness doctrine bars enforcement of " 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' [Citation.]" (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115 [60 Cal.Rptr.2d 277, 929 P.2d 596] (*Acuna*).) A vague law "not only fails to provide adequate notice to those who must observe its strictures, but also 'impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' [Citation.]" (*Id.* at p. 1116.) In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that "abstract legal commands must be applied in a specific *context*," and that, although not admitting of "mathematical certainty," the language used must have " '*reasonable* specificity.' " (*Id.* at pp. 1116–1117, original italics.)

■ A probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated," if it is to withstand a challenge on the ground of vagueness. (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324–325 [223 Cal.Rptr. 670].) A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. (See *White, supra,* 97 Cal.App.3d at pp. 149–150.)

In the present case, the Court of Appeal concluded that the condition that defendant not associate with anyone "disapproved of by probation" was both vague and overbroad because the juvenile court did not require that in order to be in violation, defendant must know which persons were disapproved of by the probation officer. The court reasoned that "because of the breadth of the probation officer's power to virtually preclude the minor's association with anyone," defendant must be advised in advance whom she must avoid. This holding is consistent with numerous decisions. (See, e.g., *Justin S., supra,* 93 Cal.App.4th at p. 816 [probation condition "[p]rohibiting association with

gang members without restricting the prohibition to *known* gang members is ' "a classic case of vagueness" ' "]; *Kacy S.*, *supra*, 68 Cal.App.4th at pp. 712–713 [probation condition requiring that the minor " 'not associate with any persons not approved by his probation officer' " would require "the probation officer to approve [the minor's] 'associat[ion]' with 'persons' such as grocery clerks, mailcarriers, and health care providers" and was overbroad]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 628, 629 [78 Cal.Rptr.2d 66] [condition of probation prohibiting any association with a gang "suffers from . . . fatal overbreadth"]; *People v. King* (1968) 267 Cal.App.2d 814, 825–826 [73 Cal.Rptr. 440] (*King*) [noting that probation conditions prohibiting association with named persons or classes of persons have withstood vagueness challenges].)

Several Courts of Appeal have recognized that a probation condition that otherwise would be deemed vague may be constitutional because the juvenile court offered additional oral or written comments clarifying that the minor must have knowledge of the persons disapproved of by the authorities. In *Byron B.*, *supra*, 119 Cal.App.4th at page 1018, the appellate court rejected the minor's challenge, on the ground of vagueness, to a probation condition prohibiting contact with any person disapproved of by a parent, probation officer, or others, because the juvenile court's minute order included the "crucial words, 'known to be' "; the condition was upheld as providing that the minor "must '[n]ot have direct or indirect contact with anyone known to be disapproved by parent(s)/guardian(s)/probation officer, staff.' " (*Id.* at p. 1015, italics omitted.) Similarly, in *In re Frank V.* (1991) 233 Cal.App.3d 1232 [285 Cal.Rptr. 16] (*Frank V.*), the reviewing court upheld a probation condition failing to specify that the minor know who was disapproved of, because at the oral proceedings the juvenile court advised that the persons with whom the probationer was precluded from associating were those whom his parents and the probation officer " 'tell you . . . that you can't hang out with.' " (*Frank V.*, at p. 1241; see also *King*, *supra*, 267 Cal.App.2d at pp. 824–825 [probation condition forbidding participation in demonstrations was not vague or indefinite, because the trial court gave a detailed explanation of the condition and the activity that might subject the defendant to probation revocation].)

■ We agree with the Court of Appeal that in the absence of an express requirement of knowledge, the probation condition imposed upon defendant is unconstitutionally vague.[8] Both as orally pronounced by the juvenile court, and as set forth in the minute order, the probation condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her

---

[8] In view of that conclusion, it is unnecessary to decide whether, as held by the Court of Appeal, the probation condition also is unconstitutionally overbroad.

probation officer. In contrast to *Byron B., supra,* 119 Cal.App.4th at page 1018, and *Frank V., supra,* 233 Cal.App.3d at page 1241, upon which the Attorney General relies, the juvenile court in the present case did not clarify that the probation condition required such notice to the probationer.

Additionally, we agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional. (See, e.g., *Justin S., supra,* 93 Cal.App.4th at p. 816 [probation condition modified to forbid the minor's association " 'with any person known to you to be a gang member' "]; *People v. Lopez, supra,* 66 Cal.App.4th at p. 624, fn. 5 [condition of probation modified to prohibit defendant from associating " 'with any person known to defendant to be a gang member' "]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 103 [23 Cal.Rptr.2d 340] [condition of probation modified to provide that the defendant "is not to associate with persons he knows to be users or sellers of narcotics, felons, or ex-felons"].)

Although the Attorney General has asserted otherwise, the modification made by the Court of Appeal is entirely consistent with the potential modification of an injunction prohibiting association with gangs that we endorsed in *Acuna, supra,* 14 Cal.4th 1090. In *Acuna,* the Court of Appeal concluded that a provision of the injunction forbidding association with " 'any other known [named gang] member' " could be construed to apply when a defendant engaged in one of the prohibited activities with someone known to the police—but not known to the defendant—to be a gang member, and thus was unconstitutionally vague. We advised that in order to enforce the injunction, the local entity "would have to establish a defendant's *own knowledge* of his associate's gang membership to meet its burden of proving conduct in violation of the injunction." (*Id.* at p. 1117.) We suggested that the element of a defendant's knowledge fairly was implied in the injunction, and if any attempt were made to enforce that provision, the trial court could limit its construction by *inserting a knowledge requirement.* "With that minor emendation, the text . . . passes scrutiny under the vagueness doctrine." (*Id.* at pp. 1117–1118.)

In the present case, the Court of Appeal did just that—inserting the qualification that defendant have knowledge of who was disapproved of by her probation officer, and thus securing the constitutional validity of the probation condition. In the interest of forestalling future claims identical to defendant's based upon the same language, we suggest that form probation orders be modified so that such a restriction explicitly directs the probationer not to associate with anyone "known to be disapproved of" by a probation officer or other person having authority over the minor.

## III

The court having received a certified copy of the death certificate of defendant Sheena K. during the pendency of this appeal, all proceedings in this case must be permanently abated. The cause is remanded to the Court of Appeal, Second Appellate District, Division Two, with directions to enter an order in case No. B167626 permanently abating all proceedings with respect to defendant and requiring the Superior Court for the County of Los Angeles to enter an order to that effect in case No. KJ19106. (*People v. Dail, supra,* 22 Cal.2d 642, 659; *People v. Bandy* (1963) 216 Cal.App.2d 458, 466 [31 Cal.Rptr. 10].)

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.