[No. C032812. Third Dist. Mar. 20, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL FEENEY GARDINEER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III of the Discussion.

## COUNSEL

David L. Muller, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Defendant Michael Feeney Gardineer was sentenced to state prison after the trial court revoked his probation because he violated a domestic violence restraining order.

Defendant appeals, contending (1) the condition of probation that he violated, which required him to "observe good conduct," is unconstitutionally vague; (2) there was insufficient evidence that he knew of the terms and

conditions of the restraining order so that he could not have willfully violated it; and (3) the trial court unlawfully increased the amount of his restitution fine upon revocation of probation.

In the published portion of the opinion, we shall conclude defendant waived any defect in the contested condition of probation because he failed to object to it when it was imposed. In the unpublished portion, we shall conclude substantial evidence shows defendant knew of the restraining order, and we shall accept the Attorney General's concession that the amounts of defendant's restitution fines were unlawfully increased. We shall therefore modify the amounts of the restitution fines but otherwise affirm the judgment.

### FACTS AND PROCEDURAL BACKGROUND

On May 21, 1998, pursuant to a negotiated plea agreement, defendant pleaded guilty to a charge of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).

On June 25, 1998, imposition of judgment was suspended, and defendant was placed on probation for a period of 60 months, pursuant to various terms and conditions, which included the following: (1) defendant was ordered to "observe good conduct," and (2) defendant was ordered to pay a $200 restitution fine. Defendant did not object to these conditions.

On June 22, 1999, the Amador County Probation Department filed a request to revoke defendant's probation on the ground he violated a domestic violence restraining order (*Ciner v. Gardineer* (Super. Ct. San Joaquin County, 1998, No. 303500)) by having contact with victim Liz Ciner. As relevant, the restraining order, issued April 9, 1998, restrained defendant from contacting Ciner.

A probation revocation hearing was conducted on April 13, 1999. The evidence showed that in August 1998, defendant had sent a letter from the Amador County jail to Ciner in Acampo. The letter, which is five pages long, is generally hostile, obscene, and threatening. Its tone can be gleaned from its introductory remarks, which are as follows:

"What's up whore?

"How's your bitch Michelle???

"Times running out on yall from what I understand (eeep!). The way we joke about it in the cell goes like this[:] We'll just kick Liz in the cunt . . .

and then kick Liz! Or how do you break Michelle Jergens jaw??? Kick Liz in the crack of her ass!"

At the conclusion of the hearing, the trial court found that defendant was personally present when the restraining order was issued and was aware of the circumstances of that order. The court found further that defendant failed to observe good conduct by violating the restraining order by sending the aforementioned letter, so that defendant violated his probation.

On May 19, 1999, the trial court denied defendant's application to be reinstated on probation and sentenced defendant to state prison. The trial court also imposed a $600 restitution fine and a second $600 restitution fine stayed pending successful completion of parole.

Defendant filed a timely notice of appeal.

Additional facts will be recounted below as necessary.

### DISCUSSION

### I

■ Defendant first contends the condition of probation upon which the revocation of probation was based ("observe good conduct") is unconstitutionally vague.

However, defendant never objected to the condition when it was imposed; consequently, he has waived any defect in the condition. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235 [19 Cal.Rptr.2d 520, 851 P.2d 802]; see *People v. Tillman* (2000) 22 Cal.4th 300 [92 Cal.Rptr.2d 741, 992 P.2d 1109]; *People v. Woods* (1999) 21 Cal.4th 668, 678, fn. 5 [88 Cal.Rptr.2d 88, 981 P.2d 1019].)

Defendant recognizes his failure to object but argues, "A condition of probation that is unconstitutional should be deemed unauthorized, and not waived on appeal." We disagree.

A defendant who contends a condition of probation is constitutionally flawed still has an obligation to object to the condition on that basis in the trial court in order to preserve the claim on appeal. (*In re Josue S.* (1999) 72 Cal.App.4th 168, 170-171 [84 Cal.Rptr.2d 796].)

Moreover, in discussing its reasons for requiring an objection to a condition of probation, *Welch* said, "A timely objection allows the court to modify

or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. . . . A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis." (*People v. Welch, supra,* 5 Cal.4th at p. 235.)

These reasons—the discouragement of invalid probation conditions and the reduction of costly appeals—apply fully to claims that probation conditions are unlawfully vague, as this case well illustrates. We therefore conclude that *Welch*'s rule applies to defendant's challenge to the probation condition at issue in this case and that defendant's challenge has been waived by his failure to object to the condition when it was imposed.

II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is modified so as to reduce the restitution fine imposed pursuant to Penal Code section 1202.4 to $200 and, further, to reduce the restitution fine imposed pursuant to Penal Code section 1202.45 to $200. As modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment showing the aforementioned modifications of the judgment and shall forward a copy of the same to the Department of Corrections.

Davis, J., and Morrison, J., concurred.

A petition for a rehearing was denied April 13, 2000, and appellant's petition for review by the Supreme Court was denied July 12, 2000. Kennard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 148.