Filed 5/2/13  P. v. Denning CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FREDERICK DENNING,<br><br>    Defendant and Appellant. | D061658<br><br><br>(Super. Ct. No. SCN279200) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

On February 28, 2011, Frederick Denning was convicted of driving under the influence causing injury (Veh. Code, § 23153, subd. (a)), driving with a measurable blood alcohol causing injury (Veh. Code, § 23153, subd. (b)) and possession of an open container in a motor vehicle (Veh. Code, § 23223).  It was also found that Denning personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and had driven with a blood alcohol of 0.15 or more (Veh. Code, § 23578).

On May 2, 2011, Denning was sentenced to a six-year term of imprisonment, the execution of which was stayed for five years subject to a grant of probation. One of the terms of probation was that Denning was not permitted to drive a car unless licensed and insured as required by state law.

On June 20, 2011, the court granted Denning's request for a restricted license to drive to and from work and court-ordered programs and school.

On December 13, 2011, probation officers arrested Denning for driving with a suspended license and for driving in violation of the conditions of his probation.

Following an evidentiary hearing the court revoked probation and executed the previously suspended prison sentence.

Denning appeals contending the trial court erred in admitting a Department of Motor Vehicles (DMV) printout, which showed his license had been suspended in May 2011; that there is insufficient evidence that he willfully violated the conditions of probation; that the condition of probation which restricted his driving ability was vague and that the court abused its discretion in declining to reinstate him to probation in lieu of the prison sentence. We will find the challenge to the probation condition has been forfeited for failure to raise it in the trial court. We will reject the other contentions and affirm the trial court's decision.

### STATEMENT OF FACTS

Since this appeal challenges the revocation of probation we will not discuss the facts of the underlying offenses. Suffice that Denning was found guilty of driving with a blood alcohol of 0.22 and that he injured a person in the accident.

The factual background of the court orders and Denning's conduct are somewhat confusing, however we will list some of them chronologically:

1. On February 28, 2011, Denning was convicted of the underlying crimes.

2. On March 29, 2011, DMV issued a driver's license to Denning, based upon a previous application.

3. On May 2, 2011, Denning was granted probation subject to certain conditions, including that he not violate any laws, that he surrender his license, and that he not drive a car unless licensed and insured as required by state law.

4. On June 20, 2011, Denning requested a restricted license. Defense counsel told the court that Denning "actually did a bench trial with a visiting judge. And his license was reinstated by the DMV approximately a year ago, actually back in April. But when he was sentenced the judge put a mandatory one year license suspension, which is accurate, but ultimately he already served out his suspension, so he is asking for a restricted license."

The court granted his request for a restricted license. However, the DMV printout, which was admitted in evidence at the revocation hearing, showed Denning's license was suspended on May 2, 2011, and that the notice had been sent to him at his home address on May 12, 2011.

Probation officer Robert Frejek testified at the evidentiary hearing. He said he had met with Denning a number of times at the address to which the DMV notice had been sent. Frejek told Denning a number of times he could not drive a car as it would be a violation of the terms of his probation.

3

In August 2011, Frejek met with Denning who said the court had granted him a restricted license. Frejek reminded Denning he still had to get a valid license from DMV. Denning said he had tried but that DMV told him he was not eligible until May 2012. Denning denied driving and said he used public transportation and the assistance of friends instead.

As of September 2011, when Frejek met with Denning, Denning advised he still did not have a license and knew he was not permitted to drive.

In December 2011, the probation department learned that Denning had been seen driving. They scheduled a compliance interview with Denning for December 13, 2011.

Following the meeting Frejek observed Denning get into the driver's seat of a car and start the engine. Frejek then arrested Denning for violation of probation. During the discussion that followed, Denning admitted he had been driving, but contended he had no choice. He also said he had driven to his last court appearance.

## DISCUSSION

### I

### *ALLEGED EVIDENTIARY ERROR*

During the evidentiary hearing the prosecution offered a certified copy of the DMV printout of the notice to Denning that his license had been suspended effective May 2, 2011. Denning objected principally on hearsay grounds. The trial court found the document was an official record; that it was self-authenticating and that in any event it was admissible in a probation revocation proceeding. Denning contends the court abused its discretion in admitting the DMV record.

4

## A. Standard of Review

The trial court's decision to admit or exclude evidence at a probation revocation hearing "will not be disturbed on appeal absent an abuse of discretion." (*People v. Shepherd* (2007) 151 Cal.App.4th 1193, 1197-1198; *People v. Abrams* (2007) 158 Cal.App.4th 396, 400.)

## B. Legal Principles

Probation revocation hearings are not part of the criminal prosecution, thus a defendant does not have the full range of rights that he or she would have in a criminal trial. (*People v. Shepherd, supra*, 151 Cal.App.4th at p. 1198; *Morrissey v. Brewer* (1972) 408 U.S. 471, 480.) The Sixth Amendment right to confrontation does not apply to probation revocation hearings. (*People v. Johnson* (2004) 121 Cal.App.4th 1409, 1411.) The probationer's right to cross-examination and confrontation is thus based on the due process clause of the Fourteenth Amendment. (*Ibid.*)

Where appropriate, materials such as documentary evidence, not based on live testimony, may be admissible in revocation proceedings. (*People v. Maki* (1985) 39 Cal.3d 707, 715; *People v. Areola* (1994) 7 Cal.4th 1144, 1156-1157.)

In *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1064, the court approved of the admission of an "Adult Program Termination Report" indicating the probationer had failed to complete required classes. The court determined the report had the requisite indicia of reliability and trustworthiness to justify its use at a revocation hearing. (*Id.* at pp. 1066-1067.) Courts have also approved of the admission of probation reports and

5

documents in revocation hearings.  (*People v. Abrams*, *supra,* 158 Cal.App.4th at p. 401; *People v. Gomez* (2010) 181 Cal.App.4th 1028, 1034.)

Evidence Code section 1280, the so-called "official records" exception to the hearsay rule, provides:

> "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies:  [¶] (a) The writing was made by and within the scope of duty of a public employee.  [¶] (b) The writing was made at or near the time of the act, condition, or event.  [¶] (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

This section permits the introduction of official records without the necessity of requiring a witness to testify as to identity or mode of preparation if the record supports a finding the record is trustworthy.  (*People v. Martinez* (2000) 22 Cal.4th 106, 129.)

### C.  Analysis

The document at issue in this case is a certified copy of a DMV notice to Denning about the suspension of his driver's license.  It reflects the actions of the agency and shows it was mailed to Denning's address.  Denning has always acknowledged the address was correct.  In addition, Denning admitted to the probation officer that he knew his license had been suspended and that he had learned from DMV that he would not be eligible for a license until May 2012, exactly a year from the date of suspension as set forth in the notice.

We are satisfied that the DMV document was of sufficient trustworthiness to permit the court to admit it into evidence at the revocation hearing.

6

## II

### *SUFFICIENCY OF THE EVIDENCE*

Denning contends there is not sufficient evidence in this record to support a finding that he willfully violated the terms of his probation. He bases his contention principally on the confusion caused when defense counsel in June 2011 was able to convince the court to grant a "restricted license." That action was based on counsel's representation that Denning had completed his suspension. The representation was not correct, since prior to that time DMV had suspended Denning's license and had provided him notice of the suspension. Denning persists, however, in the argument that the confusion created by the court's June 20, 2011 order demonstrates there is not sufficient evidence to support the finding. As we have noted previously, Denning not only received notice of his license suspension as well as multiple warnings from his probation officer, he also admitted to the probation officer that he knew the license was suspended and that he learned from DMV he would not be eligible for reinstatement until May 2012.

We believe a review of the entire record demonstrates there is sufficient evidence to support a finding of willful violation of the conditions of probation.

### A. Standard of Review

In order to prove a violation of probation the prosecution must establish such violation by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441-443.) On appeal, we review the trial court's decision under the familiar substantial evidence standard of review. (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849.) Under that standard, we evaluate the entire record, drawing all reasonable

7

inferences in favor of the trial court's findings. We do not make credibility decisions, nor do we reweigh the evidence. Our task is simply to determine whether there is sufficient, substantial evidence from which the trial court could have found the prosecution satisfied its burden of proof. (*People v. Johnson* (1980) 26 Cal.3d 557, 576-578.)

### B. Analysis

While it is true that the action of the defense in persuading the court in June 2011, to authorize a "restricted license" added confusion to the record, it does not undermine the sufficiency of the evidence to support a willful violation of the probation condition prohibiting driving unless Denning was licensed and insured as required by state law. The record clearly supports an inference that Denning was fully aware, after June 2011, that he was not properly licensed by DMV and that he was not permitted to drive without a valid license. The court admitted the DMV notice issued in May 2011 that Denning's license was suspended May 2, 2011. The court could also reasonably find Denning received that notice.

Further, the probation officer testified to repeated warnings he gave to Denning after June 2011, that he was not permitted to drive. Denning acknowledged that limitation and explained to the probation officer that he had unsuccessfully attempted to get a new license. It was Denning who told the officer that he had been advised by DMV that he would not even be eligible for a new license until May 2012.

Thus, when Denning drove to the probation office in December 2011, he was aware he was not authorized to do so. He also admitted earlier driving and that he actually had not taken a bus to one of his court appearances as he had previously

8

indicated. In short, the DMV record and the probation officer's testimony constitute sufficient substantial evidence to support the trial court's decision.

### C. Denning's Challenge to the Probation Condition Has Been Forfeited

As an alternative argument that the evidence is insufficient, Denning, for the first time on appeal raises a claim that the condition was vague as applied. Relying on *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*), Denning contends the condition prohibiting driving was unconstitutionally vague, largely because of the modified order in June 2011. We find the issue has been forfeited for failure to raise the issue in the trial court.

The vagueness challenge is based on the notion the defendant must be given fair warning of the prohibited conduct. (*Sheena K., supra,* 40 Cal.4th at p. 890.) The vagueness doctrine only requires a reasonable certainty as to what is prohibited. (*People v. Morgan* (2007) 42 Cal.4th 593, 605.)

The probation condition at issue here is crystal clear, do not drive unless licensed and insured as required by state law. There is nothing vague about the condition. Denning seeks to challenge the condition as applied, in light of the court's modification order in June 2011. An appellant cannot challenge a condition of probation for the first time on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 237; *People v. Gardineer* (2000) 79 Cal.App.4th 148, 151.)

By failing to object to the condition in the trial court Denning deprived that court of the opportunity to review the challenge and to make modifications if necessary. The

9

lack of objection also deprived us of a record of the trial court's analysis had the issue been raised.

The decision in *Sheena K., supra,* 40 Cal.4th at pages 887 to 888, dealt with a condition that was vague on its face. It did not require examination of the factual circumstances of the case and how the condition might have been unclear to the defendant. The case does not challenge the holding in *People v. Welch, supra*, 5 Cal.4th 228, 237. Forfeiture in this case is particularly appropriate because the basis of the purported challenge on appeal is that the condition became vague as applied after the defense, and based on inaccurate information obtained a partial modification of an earlier license suspension. As we pointed out above, however, Denning was well aware he did not have a valid license when he was driving in this case. He was also keenly aware he would not be eligible for a valid license until May 2012, and that he could not drive without that license. Thus, we reject Denning's challenge on the ground of vagueness.

III

*THE COURT DID NOT ABUSE ITS DISCRETION*

Finally, Denning contends the trial court abused its discretion in executing the suspended prison sentence instead of reinstating his grant of probation. The contention is without merit.

A. Standard of Review

Trial courts have broad sentencing discretion, including whether to revoke or grant probation. (*People v. Rodriguez, supra*, 51 Cal.3d at p. 445.) Such decisions are granted great deference and will only be set aside when the record discloses a manifest abuse of

10

the court's discretion.  (*People v. Pinon* (1973) 35 Cal.App.3d 120, 123; *People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

## B.  Analysis

Denning essentially argues his otherwise good performance on probation renders the trial court's decision to impose the previously stayed sentence unreasonable.  This is a classic case of the exercise of discretion.  The trial court was fully aware of the facts and considered various alternatives, before deciding that return to probation was not appropriate.  Is it possible that another judge with the same information might have reached a different result?  The answer is obvious, certainly reasonable minds could differ in this case as to the proper course of action.  However, the fact there were other alternatives available does not make a trial judge's decision to reject those alternatives an abuse of discretion.

Denning's crime was serious and caused life changing harm to the victim. Although Denning appeared to follow most of the conditions of probation, willful driving without a license poses the very risk the probation condition was designed to prevent, which is a repeat of his earlier offense.  The trial court could consider Denning's actions to be a willful disregard of the court's orders and a sign that he did not fully appreciate the gravity of the underlying offense and its risk of harm to others.  The trial court did not abuse its discretion in this case.

11

DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:


_____

NARES, J.


_____

HALLER, J.