Filed 7/26/13  P. v. Bermudez CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>ABEL BERMUDEZ,<br><br>          Defendant and Appellant. | A136220<br><br>(Solano County<br>Super. Ct. No. FCR290461) |

**I.**

**INTRODUCTION**

Appellant Abel Bermudez challenges two conditions of felony probation imposed following his conviction by jury for assault with a deadly weapon (Pen. Code, § 245, subd. (a)).[1]  He contends that the two conditions, limiting his association with known gang members and prohibiting him from applying any tattoos to his body, were unconstitutionally overbroad.

We conclude that appellant's challenges have been forfeited by his failure to object below.  Accordingly, we affirm the conditions of probation imposed.

_____

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

1

## II.

## FACTUAL AND PROCEDURAL BACKGROUNDS[2]

On June 12, 2012,[3] an amended information was filed by the Solano County District Attorney charging appellant with one count each of assault with a deadly weapon (§ 245, subd. (a)(1)), vandalism (§ 594, subd. (a)), driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)), and driving while having a blood-alcohol content of .08 percent or higher (Veh. Code, § 23152, subd. (b)). The information also included special allegations, including that appellant committed the crimes alleged in counts one and two for the benefit of a criminal street gang, within the meaning of section 186.22.

A jury trial commenced on June 12, and continued over eight days. On June 22, the jury returned its verdict finding appellant guilty of all four counts. The jury also found not true the criminal street-gang special allegations relating to counts one and two. The trial judge referred the issue of sentencing to the county probation department for a presentence evaluation.

A presentence report was filed by the probation department on July 27, recommending a formal grant of probation with conditions imposed. As pertinent to the issue raised on appeal, the report indicated that appellant had a juvenile record in that he had been adjudged a ward of the court in 2006 after appellant and his friends had "tagged" gang graffiti on a utility box and on other public property. At that time, appellant admitted to "h[anging] out" with gang members, and his mother confirmed then he had Sureño gang affiliation. Appellant's mother was interviewed in connection with

---

[2] While the court record filed on appeal is comprised of more than 1200 pages, the reporters' transcripts from appellant's preliminary hearing and subsequent trial are not material to the single issue raised on appeal. Appellant does not argue on appeal that there was no factual basis for imposing the no-gang-contact and tattoo prohibitions as conditions of his probation. Therefore, only those facts and proceedings which relate to appellant's contention on appeal that the challenged conditions imposed were unconstitutionally overbroad are discussed.

[3] All further dates are in the calendar year 2012, unless otherwise indicated.

the current matter, and confirmed again that he "was involved in a gang lifestyle and was rebellious."

Among the conditions of probation recommended by the probation department were the following:[4]

"Defendant is prohibited from being present at any known gathering of any gang.

"Defendant is prohibited from associating with any known members or associates of any gang.

"Defendant is prohibited from associating with persons in possession of weapons.

"Defendant is prohibited from wearing any gang-associated clothing, emblems, or insignia.

"Defendant is prohibited from possession [*sic*] gang-related paraphernalia, including, but not limited to, gang graffiti, symbols, photographs, member's roster, or other gang writings; and gang-oriented publications, including, but not limited to, 'Teen Angels' and 'Street Life.'

"Defendant is prohibited from acquiring any tattoos, permanent or temporary, and/or any gang-related burns/marks.

"Defendant is prohibited from being present at any Court proceeding involving gang members to whom he/she is not a party or a subpoenaed witness."

Sentencing took place at a hearing held on July 27. After the trial court announced its decision to follow the recommendation of the probation department and grant probation, appellant's counsel made an objection to the inclusion of all proposed "gang terms" because "the gang allegation was found untrue in this case." The trial court went on to put on the record a number of other, unrelated conditions of probation, and then turned to those relating to gang contacts and activities.

First, the trial court stated that, despite the jury's negative findings as to the criminal street gang allegation: "I think there is ample evidence to support gang activities

---

[4] The conditions were checked on a printed template indicating that the template had been revised as of March 27.

3

on behalf of this gentlemen. And I think it's essentially for his rehabilitation that he not associate—or that he comply with certain of these gang terms. I may not impose all of them." The court then went through each proposed probationary gang term individually. While doing so, the only additional comment made by appellant's counsel concerned the single condition that appellant not wear any gang associated clothing, noting that the condition was "a little vague." In response, the court stated that it would not impose a prohibition relating to clothing at all. The court on its own also modified several other gang terms of probation recommended in the presentence report.

In total, the court imposed the following conditions to which no additional objections were made:

"Not be present at any known gathering areas of [gangs].

"Not knowingly associate with any known members or associates of any gang.

"Not possess a weapon or associate with persons in possession of weapons.

"Not wear any gang-associated . . . emblems/insignia.

"Not possess any gang-related paraphernalia (including, but not limited to, gang graffiti, symbols, photographs, members' rosters, or other gang writings) . . . .

"Not acquire any tattoos (permanent or temporary), or any gang-related burns/marks.

"Not attend any court proceedings involving gang members to which defendant is not a party or a subpoenaed witness."

This appeal followed.

### III.

### DISCUSSION

As noted, appellant challenges the breadth of only two of the so-called "gang terms" of probation imposed by the trial court as conditions of his probation. Perhaps anticipating respondent's forfeiture argument, appellant characterizes trial counsel's objection below as being a "blanket objection," which was sufficient to allow the court to modify or delete the challenged instructions, or to explain why they were being imposed, thereby preserving the issue for appeal.

4

We disagree that counsel's objection encompassed the overbroadness argument made now on appeal. Trial counsel's objection was only that no gang terms of probation could be imposed because the jury found the section 186.22 street gang enhancements not to be true.[5] The only other point made by counsel, whether it was in the form of an objection or not, was that the gang "clothing" prohibition was "a little vague," a point taken by the trial court in striking that condition entirely.

Our Supreme Court recently has reviewed the law of forfeiture through failure to object at sentencing in the trial court in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*). In that case, the issue was whether the failure to object to the imposition of a booking fee forfeited the right to raise on appeal the lack of substantial evidence supporting the defendant's ability to pay. (*Id.* at p. 591.) The high court concluded that such a claim was indeed forfeited by failing to object on the ground that there was no evidence the defendant had the ability to pay the fine. In the course of its analysis, the court reviewed the recent development of the law dealing with sentencing forfeitures in general, including those relating to the conditions imposed incident to a grant of probation:

"Our application of the forfeiture bar to sentencing matters is of recent vintage. In *People v. Welch* (1993) 5 Cal.4th 228 . . . (*Welch*), we held the defendant forfeited a challenge to the reasonableness of a probation condition because she failed to raise it when sentenced. In *People v. Scott* (1994) 9 Cal.4th 331, 354 . . . (*Scott*), we held the defendant forfeited a claim that the sentence imposed on him, 'though otherwise permitted by law, [was] imposed in a procedurally or factually flawed manner.' Both cases provided for only prospective application of the rules they announced because formerly such hearings were 'largely conducted under the assumption' that sentencing error claims, including challenges to probation terms, could 'be raised in the first instance on appeal.' (*Scott*, at p. 337; see *Welch*, at p. 238 ['existing law overwhelmingly said no

---

[5] That ground apparently has not been raised on appeal as a ground for setting aside the two challenged gang terms. (See *People v. Towne* (2008) 44 Cal.4th 63, 85-86.)

. . . objection' to terms of probation 'was required' to preserve the issue for appeal].) *Welch* and *Scott* brought the forfeiture rule for alleged sentencing errors into line with other claims of trial court error, rather than placing such claims outside the general rules regarding forfeiture: unless a party makes a contemporaneous objection, he or she generally cannot challenge a court's ruling for the first time on appeal. ([*In re*] *Sheena K.* [(2007)] 40 Cal.4th [875,] 880-881.)" (*McCullough*, *supra*, 56 Cal.4th at p. 594.)

The single case cited by appellant on the forfeiture issue is not of assistance to his claim that objections to the two gang terms of probation were preserved for appeal. In *People v. Brandão* (2012) 210 Cal.App.4th 568. In that case, defense counsel did object at sentencing on the ground that " '[t]here is no [gang] nexus in this case.' " (*Id.* at p. 571.) However, before counsel could continue with her objection, the trial court interrupted (albeit not "brusque[ly]") by stating it was "uninterested in a challenge to the no-gang-contact provision." (*Id.* at p. 572.) Because counsel was not given a reasonable opportunity to state constitutional grounds for the challenge, the reviewing court distinguished the circumstances there from those in *People v. Gardineer* (2000) 79 Cal.App.4th 148, 151, which held that one objecting to probation conditions on constitutional grounds has an obligation to state those grounds specifically in order to preserve them on appeal. (*Ibid.*).[6] Therefore, the appellate court concluded that the defendant's objections to the constitutionality of gang terms imposed as a condition of probation had been preserved the issue for appeal. (*Ibid.*)

Because appellant made no objection to either term of probation now challenged on appeal during sentencing, after being given ample opportunity to do so by the trial court at sentencing, the claims of error have been forfeited.

---

[6] In *People v. Lopez* (1998) 66 Cal.App.4th 615, cited by appellant in his appellate briefs in support of the merits of his challenge here, an objection to the no-gang-contact term of probation was made in the trial court on explicitly stated constitutional grounds. (*Id.* at p. 623.)

## IV.

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
RIVERA, J.

_____
HUMES, J.