Filed 8/7/13  P. v. Pantoja-Ramirez CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL PANTOJA-RAMIREZ,<br><br>Defendant and Appellant. | A135989<br><br>(Solano County<br>Super. Ct. No. FCR291587) |

Daniel Pantoja-Ramirez appeals from a judgment upon a jury verdict finding him guilty of permitting another to shoot a firearm from a vehicle, and obstructing or delaying a peace officer (Pen. Code, §§26100, subd. (b); 148, subd. (a)(1)).  On appeal, defendant challenges the gang conditions of his probation.  We modify the gang conditions, and otherwise affirm the judgment.

## I.  FACTS

On March 11, 2012 at approximately 9:30 p.m., Officer Kevin Carella was on patrol on Mankas between Abernathy and Rancho Solano Parkway in Fairfield.  He heard several gunshots and saw muzzle flashes coming from defendant's vehicle at Abernathy and Mankas.  Defendant's car made a U-turn and then was facing eastbound in Carella's direction.  It stopped for about 15 to 20 seconds; Carella heard five to six more gunshots.  Defendant drove his car toward Carella and passed Carella's vehicle.  Carella followed defendant's car and radioed for assistance.  Once other police cars were behind Carella's car, Carella effected a traffic stop.  Defendant, however, did not immediately stop but traveled approximately 400 to 500 feet, and slowed to a stop or almost a complete stop.

1

A passenger in the car got out, threw a black bag over a residential fence, hopped the fence and took off running. Carella stopped to pursue the passenger while a backup unit pursued defendant.

Officer Shackford activated his siren and pursued defendant's car for about half a mile before defendant pulled over. When Shackford approached the car, he saw a spent casing on the back passenger floorboard and the handle of a baseball bat. In a search of the car, he found a Raiders' beanie containing six live bullets inside the center console and a wooden claw hammer under the driver's seat. The police also found spent casings in the area where Carella had observed that shots were fired. The expended bullet casing found in defendant's car matched the casings found at the scene of the shooting.

Defendant testified that on the evening of March 11, 2012, he was driving his friend, Juan, to his house. They decided to go to the Tower Market first. On the way, Juan pulled out a gun and started shooting out of the car. Defendant did not know that Juan had a gun and became angry. He decided to take Juan back to where he had picked him up and made a U-turn. Defendant testified that he then saw that he was being pursued by the police and when he slowed down, Juan jumped out of the car. Defendant did not know Juan's last name.

## II. DISCUSSION

Defendant contends that the trial court abused its discretion in imposing gang terms as a condition of probation. He argues that the evidence fails to show that he was currently a gang member or that the crime was related to gang activity.

The Attorney General asserts that defendant forfeited his challenge to the gang conditions because he failed to object in the trial court.[1] The failure to object to a condition of probation below waives any error on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 234–235 (*Welch*); *People v. Gardineer* (2000) 79 Cal.App.4th 148, 151–

---

[1] The Attorney General also argues that defendant invited any error because he asked the sentencing court to follow the probation officer's recommendation of probation, and acknowledged that he needed to disengage from individuals that have gang associations. We agree that it appears that defendant invited the error, but consider the issue in light of defendant's claim on appeal that he objected to the gang conditions.

152.)  "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case."  (*Welch, supra,* 5 Cal.4th at p. 235.)  Defendant argues that his defense counsel objected to the gang conditions by arguing that defendant was not a gang member.  The record refutes this claim.

When read in context, defense counsel's argument was not that defendant objected to the gang conditions, but rather that he was an appropriate candidate for probation.  Indeed, defendant asked the court to follow the probation officer's recommendation of probation on conditions including the gang terms.  Defense counsel argued that defendant "acknowledges that he needs to make significant lifestyle changes, [including] being free of alcohol and drugs and *disengaging from these individuals that have criminal and gang associations*."  While defendant forfeited the claim by failing to object to the gang conditions when they were imposed, we consider the issue in order to obviate any claim that trial counsel was ineffective for failing to object.

We review the trial court's imposition of conditions of probation for abuse of discretion.  (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)  "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]"  (*Ibid.*, quoting *People v. Lent* (1975) 15 Cal.3d 481, 486.)

Here, there is substantial evidence in the record to support imposition of gang conditions.  The probation officer's report indicates that defendant was an admitted Sureño gang member of the Calle San Marco set as a juvenile.  In addition, he suffered violations of probation for associating with known gang members when he was a juvenile.  Further, his defense counsel acknowledged that although he had no information that defendant was currently a gang member, defendant had "associates" that were gang

3

members and had brothers who were affiliated with a gang.[2]  More importantly, defendant acknowledged that he needed to disengage from individuals that had gang associations.

The gang conditions were also permissible as they were reasonably related to preventing future criminality.  (*People v. Lent*, *supra*, 15 Cal.3d at p. 486.)  In *People v. Lopez* (1998) 66 Cal.App.4th 615, 625–626 (*Lopez*), the court, in affirming imposition of gang terms on an adult first time offender convicted of a crime that was not gang related, recognized that association with gang members is the first step to involvement in gang activity.

Defendant argues that *Lopez* is distinguishable because there the defendant admitted being a gang member.  (*Lopez, supra,* 66 Cal.App.4th at p. 622.)  Yet the *Lopez* court stressed that whether a defendant was a current gang member was not "critical." (*Id.* at p. 624.)  The defendant in *Lopez*, like defendant here, was in his early twenties with a juvenile court history, though the present conviction was his first adult felony. Hence, like *Lopez*, even if the current offense was not in some manner gang related, given defendant's age, his past affiliation with a gang, and his current gang associates, the trial court was warranted in concluding that gang conditions were necessary as "an essential element of any probationary effort at rehabilitation because it would insulate him from a source of temptation to continue to pursue a criminal lifestyle."  (*Id.* at p. 626.)

Finally, defendant contends that even if the gang conditions are reasonable, four of the terms must be modified because they lack a knowledge requirement and are therefore unconstitutionally overbroad and vague.  The Attorney General does not oppose the proposed modifications.

In *Lopez, supra,* 66 Cal.App.4th at pp. 627–629, the court held that a probation condition prohibiting the defendant from wearing gang clothing or displaying gang insignia was unconstitutionally overbroad because it did not provide that the clothing and

---

[2] The probation report also indicated that defendant's three older brothers were involved in gang activity.

4

insignia must be known to the defendant to be gang related.  The court modified the condition to add the element of knowledge.  (*Id.* at p. 638.)  Recently, the court in *People v. Patel* (2011) 196 Cal.App.4th 956, 960–961, modified a probation condition to include a knowledge requirement, but noted that it would no longer entertain the issue since it was a repetitive appellate issue which resulted in a drain on judicial resources.  (*Id.* at p. 960.)  Instead, the *Patel* court held that it would in the future "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly.  It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement."  (*Id.* at pp. 960–961.)

Although we too recognize the problem of repeatedly entertaining the scienter issue in probation condition orders, we shall adhere to the practice of modifying probation conditions to add an express knowledge requirement.

### III.  DISPOSITION

The following probation conditions are modified to read as follows:  "Defendant is prohibited from wearing any gang associated clothing, emblems, or insignia known to him to be associated with any gang.  Defendant is prohibited from possessing any gang-related paraphernalia known by him to be related to gangs, including, but not limited to gang graffiti, symbols, photographs, members rosters, or other gang writings or publications.  Defendant is prohibited from acquiring any tattoos, permanent or temporary, and/or any gang-related burns or marks known to him to be gang related.  Defendant is prohibited from being present at any court proceeding known to him to

involve gang members to which he is not a party or a subpoenaed witness."  In all other respects, the judgment is affirmed.


_____
Rivera, J.


We concur:


_____
Ruvolo, P.J.


_____
Humes, J.


6